IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROYCE G. DRENNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00197 |
| ) | |
| JUDGE ROYCE TAYLOR and ) | Senior Judge Haynes |
| ASSISTANT D.A. JOHN ZIMMERMAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Royce Drennon, a pretrial detainee in the custody of the Rutherford County Sheriff's Office, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants, Circuit Court Judge Royce Taylor and Rutherford County Assistant District Attorney John Zimmerman (Docket Entry No. 1). The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

In his complaint, Plaintiff alleges that his rights under the Fifth, Sixth, and Eighth Amendments to the United States Constitution were violated. First, he states that his Fifth Amendment right to due process was violated when he was released on bond for three months, but thereafter his bond was "confiscated" and revoked on the grounds that Assistant DA Zimmerman "was afraid [Plaintiff] was going to commit another crime." (Complaint, Docket Entry No. 1, at 2.) Plaintiff states his Sixth Amendment right to counsel was violated at the time his bond was revoked because he was not permitted to testify at the hearing or to have witnesses testify in his favor. Plaintiff asserts that the confiscation of his bond also violated the Eighth

Amendment's prohibition against excessive bail. He further states that he was supposed to have been released on February 2, 2015 but was not, and that his retention in custody constitutes a violation of the Eighth Amendment's cruel-and- unusual-punishments clause. Plaintiff seeks relief in the form of damages in the amount of $300 per day from February 2, 2015 until he is "released or convicted" to compensate him for lost wages, $100,000 for pain and suffering, and punitive damages.

Under the PLRA, the Court is required to dismiss *sua sponte* any *in forma pauperis* or prisoner complaint brought under federal law if the complaint fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A.

In this action, Plaintiff seeks damages against a state judge and prosecutor. Plaintiff's claims against Judge Taylor seeking monetary damages are barred because the judge is absolutely immune from suit for damages. *See Mireles v. Waco*, 502 U.S. 9, 10–11 (1991) (reconfirming that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting maliciously, erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (citing *Mireles*, 502 U.S. at 9). This immunity applies to actions, like the one at bar, brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967).

Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12. The instant complaint fails to

implicate either of the exceptions to judicial immunity. Accordingly, defendant Judge Taylor is absolutely immune from suit and the claims against him must be dismissed on that basis.

Likewise, Plaintiff's claims against Assistant District Attorney Zimmerman are barred under common-law principles of absolute prosecutorial immunity insofar as the acts for which the attorney is sued fall within the scope of Defendant Zimmerman's prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (holding that prosecutorial immunity encompasses immunity from § 1983 claims). Moreover, such immunity applies even where the plaintiff alleges that the prosecutor has acted with malice or dishonesty, *id.* at 427, or that the prosecutor knowingly presented false testimony at trial, *id.* at 431 n.34. Prosecutors also have absolute immunity for appearances at probable-cause and grand-jury hearings; evaluation of evidence and presentation of that evidence at pre-trial and trial proceedings; and preparation of witnesses for trial. *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). The only exception to absolute immunity is that "when a prosecutor 'functions as an administrator rather than as an officer of the court' he is entitled only to qualified immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (quoting *Imbler*, 424 U.S. at 431 n.33).

In this case, Plaintiff alleges only that Defendant Zimmerman sought revocation of his bond in the course of one or more court hearings. The complaint could be reasonably construed as alleging that the assistant district attorney conspired to deprive Plaintiff of his right to be released from jail on bond while awaiting trial or to present witnesses at the bond-revocation hearing.

In other words, the actions alleged to have been taken by Defendant Zimmerman were clearly within the scope of his duties as a prosecutor and advocate intimately associated with the

judicial process. Defendant is immune from such claims. Plaintiff's claims against Defendant Zimmerman will therefore be dismissed as well.

An appropriate order is filed herewith.

**ENTERED** this the 30th day of March, 2015.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge