IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROYCE G. DRENNON,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE ROYCE TAYLOR, et al.,<br><br>Defendants. | No. 3:15-00197<br>Senior Judge Haynes |

**O R D E R**

Plaintiff, Royce Drennon, filed this pro se action under 42 U.S.C. § 1983 against Defendants Circuit Court Judge Royce Taylor and Rutherford County Assistant District Attorney John Zimmerman. On March 31, 2015, the Court dismissed with prejudice the action for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Docket Entry Nos. 4 and 5). The Court stated that "[a]ny appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3)." (Docket Entry No. 5 at 2). On April 10, 2015, Plaintiff filed a motion to appoint counsel and requested permission to refile his claim (Docket Entry No. 11) that was denied on April 14, 2015. (Docket Entry No. 12).

Plaintiff submitted a Notice of Appeal that is post marked June 1, 2015 (Docket No. 15 at 4), and the Notice of Appeal was received and docketed in this Court on June 3, 2015. (Docket Entry No. 15). Plaintiff also filed an application to proceed *in forma pauperis* (Docket Entry No. 16). The Court concluded that because Plaintiff did not have a viable basis for appeal and because his appeal was clearly untimely, Plaintiff's appeal was deemed not taken in good faith, and his application to proceed *in forma pauperis* was denied. (Docket Entry No. 17).

In response to the Sixth Circuit's Order directing Plaintiff to show cause why his appeal should not be dismissed for failure to comply with Federal Rule of Appellate Procedure 4(a), Plaintiff responded by stating that his appeal is late "'[b]ecause of the way to get information here at Rutherford County Sheriff's Office the days got away from me,'" that when the district court dismissed his complaint, he had to "'file request after request to get the information [he] needed,'" and that "'[t]he fact that there is no law library slows down the process of getting information.'" (Docket Entry No. 20). The Sixth Circuit stated that Plaintiff's "failure to timely file a notice of appeal deprives this court of jurisdiction," and that "[c]ompliance with Federal Rule of Appellate Procedure 4(a) is a mandatory prerequisite that this court may neither waive nor extend." Id. at 2-3. The Court further stated, "We have reviewed the record and find that the exceptions authorized in Rule 4 do not apply in this case. The deadline for Drennon to seek an extension passed on April 30, 2015, see Rule 4(a)(5)(A)(i), and he has not shown that he failed to receive notice of his judgment within 21 days after entry, see Rule 4(a)(6)(A)." Id. at 3.

Before the Court is Plaintiff's motion to reconsider (Docket Entry No. 21), seeking this Court, in essence, to extend the time to file his appeal because of excusable neglect. As grounds, Plaintiff asserts that "plaintiff was ignorant of civil rules and procedure," "the Rutherford County Jail does not have a library," "the way to get information is limited," and that he "did not receive order sought to be appeal within 21 days after entry under Rule of Civil Procedure 77(d)." Id. at 2-3. These grounds were previously considered by the Sixth Circuit, and "[i]gnorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." Nicholson v. City of Warren, 467 F.3d 525, 527 (6th Cir. 2006) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993)). Although a district court may retain jurisdiction to decide a

2

motion under Fed. R. Civ. P. 60(b) outside the time constraints of Fed. R. APP. P. 4(a)(5) where a plaintiff seeks "'to revive a lost right of appeal,'" Rule 60(b)(6)may not be used "to solve a problem related to a failure to receive notice." Tanner v. Yukins, 776 F.3d 434, 440, 441 (6th Cir. 2015) (quoting Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993)).

> Rule 4(a)(5)(A) of the Rules of Appellate Procedure provides:
>
> (A) The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Id. Here, Plaintiff did not move to extend his time to appeal under Fed. R. APP. P. 4(a)(5)(A).

> Rule 4(a)(6)(A) of the Rules of Appellate Procedure provides:
>
> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Id. The record reflects that Plaintiff received notice of the Court's judgment within 21 days after entry. See Docket Entry Nos. 9, 10 and 11.

Accordingly, Plaintiff's motion to reconsider (Docket Entry No. 21) is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the ___ day of September, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge